IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KRISTI COLLINS                                                                                     PLAINTIFF

v.                                                                 Civil Action No.: 3:16-cv-00100-MPM-JMV

ACADEMIC PARTNERSHIPS, LLC                                                         DEFENDANT


**ORDER**

This cause comes before the Court on defendant Academic Partnership, LLC's ("Academic") *Motion to Change Venue* [7][9]. Plaintiff Kristi Collins ("Collins") filed a response in opposition to the motion [11], to which Academic filed a reply [12]. The Court has reviewed the submissions of the parties, along with relevant case law and evidence, and is now prepared to rule.

## I.      Factual Background

On or about November 18, 2015, Kristi Collins began working as a field sales representative for Academic Partnerships, LLC. Her compensation package consisted of both salary and employee benefits, which included short-term disability benefits. At all times during her employment, Collins participated in a welfare benefit plan sponsored by Academic, which is regulated by the Employee Retirement Income Security Act ("ERISA").

On December 15, 2015, Collins attended an orientation for new employees at the Academic company headquarters in Dallas, Texas. However, while in Dallas, Collins became sick and was forced to leave the orientation early and return to her home in Lafayette County, Mississippi. Collins visited Dr. David T. Coon in Oxford, Mississippi, who diagnosed her with a severe migraine headache. Collins returned to work shortly thereafter. However, around January 11, 2016, Collins again became sick and missed work that day and multiple days

1

thereafter. Collins asserts that she faxed a note from Dr. Coon explaining her medical status to Academic's human resources department.

Collins alleges that around this time "[s]everal people with [Academic], including its human resources personnel, encouraged Collins to apply for short-term disability." On January 14, 2016, Collins fully executed a disability claim form and Dr. Coon's office faxed the related insurance form to Academic.

Thereafter, on January 16, 2016, Collins received an email from Academic informing her that she had been terminated. In the email, Academic stated that the reason for her termination was job abandonment, as the company had been unable to get in touch with her. Collins, however, asserts that she had been in touch with Academic personnel during this time concerning her job and medical status.

On February 5, 2016, Collins signed and returned a separation agreement, which had been drafted by Academic and delivered to her. The agreement stated that "[i]f you sign and return this Agreement, you will receive separation compensation consisting of wages in the gross amount of $2692.31 which is the equivalent to your regular base salary through January 22, 2016."[1] The agreement also provided that Collins agreed not to file suit against Academic based on any claim concerning her employment or her termination. The agreement further stated that any claim or controversy arising from the agreement itself must be submitted to non-binding mediation before the commencement of legal proceedings. Moreover, the last page of the agreement, just above where Collins signed, contained a forum-selection clause, which provided:

> You expressly acknowledge and agree that this Agreement and the rights and
> duties of the parties under it will be governed by and construed in accordance

---

[1] The agreement also provided that Collins would receive payment of her regular base salary through the separation date—January 13, 2016—regardless of whether she signed the agreement.

with the laws of the State of Texas. Venue of any claim arising under this
Agreement shall be in Dallas, Dallas County, Texas.

On May 26, 2016, Collins filed the present action. In her complaint, she alleges that "[Academic]'s purported reason for termination was a pretext for covering up unlawful discrimination and retaliation in violation of ERISA, 29 U.S.C. § 1140." Academic then filed the present motion, requesting that this Court transfer the matter to the United States District Court for the Northern District of Texas[2] based upon the forum selection clause in the separation agreement. Academic alternatively requests that the Court stay proceedings until Collins submits her claims to mediation. In response, Collins argues that the separation agreement is not valid because Academic did not provide any consideration for the agreement. Specifically, Collins asserts that "[w]hile [she] eventually signed a separation agreement, Defendant never gave Plaintiff any consideration for entering into the purported agreement, including never giving her any money." Therefore, she asserts that neither the forum selection clause nor the clause requiring mediation is enforceable.

The Court is unpersuaded by Collins' arguments and finds that Academic's motion is due to be granted.

## II.  Conclusions of Law

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Vloeibare Pret Ltd. v. Lloyd's Register N. Am.*, 606 Fed. App'x 782, 784 (5th Cir. 2015) (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S.Ct. 568, 581, 187 L.Ed.2d 487 (2013)). "The appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine*, 134 S.Ct. at 580.

---

[2]  The Court notes that Dallas County, Texas, is located within the Northern District of Texas.

Typically, a court applying the *forum non conveniens* doctrine "must determine whether there is an adequate alternative forum and, if so, decide which forum is best-suited to the litigation by considering a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016) (citing *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794-95 (5th Cir. 2007)). However, the existence of a valid forum-selection clause "dramatically alters this analysis" in two ways. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016). " 'First, the plaintiff's choice of forum merits no weight' because, by contracting for a specific forum, the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Barnett*, 831 F.3d at 300 (quoting *Atl. Marine*, 134 S.Ct. at 581-82). Second, the private-interest factors weigh completely in favor of the parties' pre-selected forum and, thus, the "district court may consider arguments about public-interest factors only." *Id.* (quoting *Atl. Marine*, 134 S.Ct. at 582). Taking these two points into account, a valid forum-selection clause is controlling "[i]n all but the most unusual cases." *Atl. Marine*, 134 S.Ct. at 583.

Turning to the case at hand, the Court finds that the forum-selection clause should control and bind the parties. As stated above, because the contract contains a forum-selection clause, the Court is not permitted to give any weight to Collins' choice of this forum. Moreover, the private-interest factors weigh entirely in favor of enforcing the forum selection clause, and the Court may not consider them either. Rather, in determining whether the forum-selection clause should bind the parties, the Court is only permitted to consider arguments concerning the public-interest factors. The public-interest factors are: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Weber*,

811 F.3d at 767 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S.Ct. 252, 70 L.Ed. 2d 419 (1981)).

The Court finds that the public-interest factors are not sufficiently strong such that the Court should disregard the forum-selection clause. None of the factors weigh strongly in favor of this venue. First, there is no evidence that the United States District Court for the Northern District of Texas would encounter administrative duties in dealing with this case due to court congestion. Additionally, the Court finds that the second factor—the local interest in having localized controversies decided at home—does not weigh heavily in favor of this forum. While Collins is a Mississippi citizen and her employment responsibilities were largely to be performed in Mississippi, Academic is a Texas citizen and a portion of the relevant events leading to this dispute occurred in Texas. Thus, the second factor does not weigh strongly in favor of either forum. Finally, the last factor—the interest in having the trial in a diversity case in a forum that is at home with the law—weighs in favor of the alternative forum. The contract provides that Texas law will govern any disputes arising from the contract. Because Texas law is applicable, the Court finds that United States District Court for the Northern District of Texas would be more "at home with the law" in resolving this dispute. Therefore, the last factor weighs in favor of enforcing the forum-selection clause.

Again, the Fifth Circuit has held that "[c]ases in which the public-interest factors are sufficiently strong to outweigh a valid [forum-selection clause] 'will not be common.' " *Weber*, 811 F.3d at 767 (quoting *Atl. Marine*, 134 S.Ct. at 582). Here, the Court finds that the public-interest factors are not sufficiently strong to outweigh the forum-selection clause. The Court thus finds that the forum-selection clause should be enforced, making the United States District Court for the Northern District of Texas the proper venue for this action.

5

The Court now turns to Collins' argument that the contract is not valid due to lack of consideration. Collins asserts that "Defendant gave Plaintiff nothing in exchange for a purported agreement to release any employment claims or be bound by any terms of the purported separation agreement." Collins argues that Academic never paid her $2692.31, as it agreed to do in the contract. In response, Academic asserts that Collins has failed to return equipment to the company, which the contract stated was a prerequisite to receiving payment. In addition, Academic states that Collins' arguments "merely indicate the potential for disputes arising under the agreement, not a challenge to the validity of the agreement itself." The Court finds Academic's argument on this point persuasive.

The Court notes that Collins relies solely on Mississippi law in making her argument while Academic makes arguments under both Mississippi and Texas law. However, the Court finds this issue non-dispositive as valid consideration existed under both Mississippi and Texas law. In the agreement, Collins agreed to relinquish her right to assert a claim arising from her unemployment in exchange for extra compensation from Academic. Mississippi law defines consideration as "(a) an act other than a promise, or (b) a forbearance, or (c) the creation, modification or destruction of a legal relation, or (d) a return promise, bargained for and given in exchange for the promise." *Mathis v. Jackson Cty. Bd. of Supervisors*, 916 So.2d 564 (Miss. Ct. App. 2005); *see also Marx v. FDP, LP*, 474 S.W.3d 368, 378 (Tex. App. 2015) ("Consideration is a bargained-for exchange of promises or return performance and consists of benefits and detriments to the contracting parties."). Moreover, it is well-settled in Mississippi that "[t]he compromise of doubtful rights [to assert a claim] is a sufficient consideration for a promise to pay money." *Stanley v. Sumrall*, 147 So. 786, 788 (Miss. 1933). In *Leonard v. Texaco, Inc.*, 422 S.W.2d 160, 165 (Tex. 1967), the Texas Supreme Court recognized that one party's promise to

pay damages was supported by consideration where the opposing party promised not to institute legal proceedings.

Here, Collins agreed to relinquish her right to assert a claim arising from her termination in exchange for extra compensation from Academic. This constituted a meeting of the minds sufficient to establish legal consideration.

Collins argues that the agreement is invalid and not supported by consideration because Academic has not yet provided her the payment it promised. The Court rejects this argument. Rather, the Court finds that this argument concerns whether Academic breached the agreement—not whether the agreement itself is valid. The Texas Court of Appeals recently issued an opinion directly concerning this topic. *KIT Projects, LLC v. PLT P'ship*, 479 S.W.3d 519 (Tex. App. 2015). In *KIT Projects*, the court held that one party's failure to perform on a promise to pay resulted in a "failure of consideration." *Id.* at 527. However, the court found that while a "failure of consideration" resulted in a breach of the contract, it did not affect the validity of the contract itself. *Id.* Moreover, Mississippi law is also clear that a failure to complete a contractual promise results in a breach—not lack of consideration. *See Fairchild v. Bilbo*, 166 So.3d 601, 607 (Miss. Ct. App. 2015) ("Failure by the promisor to perform at the time indicated for performance in the contract establishes an immediate *breach*.") (emphasis added).

The Court finds that although Collins may have a valid argument that Academic breached the parties' agreement, the agreement itself was supported by consideration and is enforceable. Accordingly, the Court rejects Collins' arguments in opposition to Academic's motion.

## III. Conclusion

Relying on the foregoing analysis, the Court finds that the forum-selection clause in the parties' separation agreement is valid and binding. Therefore, it is hereby, ORDERED that Academic's *Motion to Change Venue* [7] is GRANTED. This cause shall be transferred to the United States District Court for the Northern District of Texas.

SO ORDERED this the 15th day of November, 2016.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**